IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM HENDRIX,

    Plaintiff,

v.

LEONARDO GARCIA,

    Defendant.

Case No. 22-4006-DDC-ADM

**REPORT AND RECOMMENDATION**

On January 21, 2022, pro se plaintiff Adam Hendrix ("Hendrix") filed this case purporting to assert civil rights claims against defendant Leonardo Garcia ("Garcia") arising out of a no-contact order Garcia obtained against Hendrix in Illinois state court. (Ex. A.) But just over a month earlier, Hendrix filed a nearly identical case in the Central District of California on December 15, 2021. The court dismissed that case via screening pursuant to 28 U.S.C. § 1915(e)(2) because the complaint was both frivolous and failed to state a claim, and it contained other incurable defects. (Ex. D & F.) This court reaches the same conclusion as the Central District of California for largely the same reasons. Accordingly, the court recommends that the district judge dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Hendrix has failed to state a claim on which relief may be granted and/or pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**I.    BACKGROUND**

Hendrix's complaint alleges that he met Garcia at a San Francisco homeless shelter in May 2019, where Garcia was fraudulently pretending to be homeless. (ECF 1, at 3.) The two were in a romantic relationship until Garcia returned to Illinois around June of 2019. (*Id.*) Things went

downhill from there. According to Hendrix, Garcia deceived him into traveling to Illinois where Garcia proceeded to be in a "phony relationship" with Hendrix and obtained a stalking/no-contact order against Hendrix in Illinois state court on October 31, 2019. (*Id.* at 7; Ex. A, at 2-6.) Although Hendrix's allegations are somewhat difficult to follow, he generally alleges that he was not stalking Garcia, but rather was only exercising his free speech rights by protesting domestic violence caused by Garcia. (ECF 1, at 7.) He alleges violations of his First Amendment right to free speech in that believes the state court no-contact order prohibits him from protesting on public property and his Fifth Amendment due process rights in conjunction with what he terms "kangaroo proceedings" from which he was barred. (*Id.* at 4.) Hendrix removed the Illinois state court case to the United States District Court of the Northern District of Illinois on January 17, 2020. (*Id.* at 7; Ex. B.) The court remanded the case to state court on January 20 because there was no federal subject-matter jurisdiction over the dispute and explained that "Hendrix can pursue his objections to the state-court order in state court." (Ex. B, at 1.)

Hendrix filed a separate civil suit against Garcia in the Central District of California on October 31. (Ex C.) His IFP motion stated that he was a resident of Los Angeles, California, and earned money through Doordash. The court ultimately dismissed that case when Hendrix did not timely file a formal complaint. (*Id.*)

Less than two months later, Hendrix filed yet another suit against Garcia in the Central District of California and an IFP motion. (Ex D & E.) This time, Hendrix listed an address in Stockton, California, and did not disclose any income from Doordash. (Ex D, at 1.) The factual allegations asserted in that complaint are largely the same as those asserted in this action, although Hendrix's prior pleading also included various case citations and legal argument. (*See generally* Ex. D, at 1-2.) On December 29, the court in that case issued a screening order pursuant to 28

U.S.C. § 1915(e)(2) and dismissed Hendrix's case on the grounds that his claims were legally and factually frivolous, that Hendrix failed to state a claim, and that Hendrix appeared to seek relief against the State of Illinois, which would have immunity from suit. (Ex. F, at 1.) The court construed Hendrix's complaint as ostensibly asserting claims under 42 U.S.C. § 1983, noting the alleged violations of Hendrix's free speech and due process rights. (*Id.* at 2.) The court found that Hendrix did not state a § 1983 claim because Garcia was a purely private party who had not acted under the color of state law. (*Id.*) The court also noted that the factual allegations could be construed as attempting to assert a claim against the State of Illinois, which would be entitled to Eleventh Amendment immunity. (*Id.*) And the court found that most of the events giving rise to the claims had occurred more than two years earlier, and thus Hendrix's § 1983 claim appeared to be time-barred. (*Id.*) Finally, the court noted that venue in Central District of California was improper because Hendrix claimed to have met Garcia in San Francisco (the Northern District of California), that he currently resided in Stockton (the Eastern District of California), that Garcia resides in Illinois, and the seemingly relevant actions all occurred in Illinois. (*Id.*)

Hendrix then filed this case on January 21 and submitted an IFP motion claiming that he now lives in Topeka, Kansas. (ECF 1 & 3.) On January 26, the court granted Hendrix's motion to proceed IFP insofar as the court found his financial situation warranted waiving the filing fee. (ECF 5, at 1.) But the court withheld service of process on Garcia pending screening. (*Id.*)

## II. THE COMPLAINT IS SUBJECT TO DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

3

The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Here, the court finds that Hendrix's complaint fails to state a claim on which relief may be granted and that the action is frivolous.

### A. Hendrix's Complaint Fails to State a Claim on Which Relief May be Granted.[1]

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief. *Id.* Dismissal of a pro se

---

[1] The Central District of California found that Hendrix's complaint was also subject to dismissal for improper venue and based on the statute of limitations. This court does not make a similar finding about the statute of limitations because Hendrix alleges additional facts regarding ongoing state-court proceedings. (ECF 1, at 5.) However, Hendrix's complaint is likely deficient because the District of Kansas would not be the proper venue for essentially the same reasons explained by the Central District of California. Also, the complaint does not allege facts that would support personal jurisdiction over Garcia. But dismissals under § 1915 based on a lack of personal jurisdiction or improper venue—both affirmative defenses—are appropriate "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (considering personal jurisdiction and venue). Dismissals on these grounds are warranted only if it is clear that the plaintiff can allege no set of facts to correct the defects. *Id.* Because the court already recommends dismissal for failure to state a claim, the court will not make additional findings based on the affirmative defenses of improper venue or lack of personal jurisdiction. Likewise, the court will not make any determination as to whether the case is barred by res judicata because it is unclear whether the Central District of California's dismissal was with or without prejudice.

plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001). The court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because Hendrix proceeds pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In doing so, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Hendrix's complaint states that he is suing for violations of his First Amendment right to free speech and his Fifth Amendment right to due process. (ECF 1, at 4.) Like the Central District of California, the court construes the complaint as bringing claims under 42 U.S.C. § 1983.[2] (Ex D, at 3.) To state a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (quoting *West v. Atkins,* 487 U.S. 42, 48, (1988)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory

---

[2] The Central District of California also construed Hendrix's complaint as attempting to assert claims against the State of Illinois, but noted that Eleventh Amendment immunity would bar the claim and also that judicial immunity would bar a claim against the judge that issued the stalking/no-contact order. (Ex F, at 3.) Although this court agrees that the facts pleaded center around the state-court proceeding, the court does not read Hendrix's complaint in this case as attempting to assert claims against the State of Illinois and the presiding judge given the lack of specific reference to them as party defendants or in the factual allegations. But, to the extent that Hendrix is attempting to assert claims against either, the court agrees with the Central District of California that the claims are barred on grounds of immunity.

or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999).  Like the Central District of California, this court also concludes that Hendrix's § 1983 claims are subject to dismissal because he has pleaded no facts to show that Garcia acted under the color of state law.

The Tenth Circuit has identified multiple fact-specific tests to determine whether a private party acts under the color of state law. *See Gallagher*, *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (summarizing the public-function test, the nexus test, the symbiotic-relationship test, and the joint-action test).  But regardless of the test employed, "the conduct allegedly causing the deprivation of a federal right" must be "fairly attributable to the State," and the party charged with the deprivation must be a state actor.  *Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  A party may be a state actor "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.  When determining whether a private party has acted under the color of state law, the court focuses on the acts or omissions allegedly committed by the defendant himself.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1251 (10th Cir. 2008) ("In general, state actors may only be held liable under § 1983 for their own acts, not the acts of third parties." (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989))).

Nothing in Hendrix's complaint suggests that Garcia acted under color of state law. Hendrix used this district's form civil complaint for pro se litigants.  In the section of the complaint asking the plaintiff to identify the parties, Hendrix wrote that Garcia is employed as a "Government contractor," but he provides no detail beyond this.  The factual allegation do not implicate Hendrix's role as an employee of an unspecified government contractor, and they do not state whether Hendrix was even an employee of the government contractor at the time the alleged events

occurred. Even if he was, the fact that a private entity or individual contracts with the government or receives government funds "does not automatically transform the conduct of that entity into state action." *Gallagher*, 49 F.3d at 1448.

Rather, the constitutional rights Hendrix claims Garcia violated stem from the state-court proceeding and resulting no-contact order. (ECF 1, at 4.) Broadly construing the complaint and drawing all inferences in favor of Hendrix, Garcia initiated the state court proceeding. (*Id.* at 7.) But this is not enough to show that Garcia acted under the color of state law because private parties are not transformed into state actors merely by obtaining orders from a state-court judge. *See Read v. Klein*, 1 F. App'x 866, 872 (10th Cir. 2001) (affirming the district court's dismissal of the plaintiff's claims against his ex-wife and her lawyer in a § 1983 action stemming from a state-court divorce proceeding and citing *Barnard v. Young,* 720 F.2d 1188, 1189 (10th Cir.1983) (concluding that application of *Lugar* "does not change the vast weight of authority that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983")); *Lindley v. Amoco Prod. Co.,* 639 F.2d 671 (10th Cir.1981) (concluding that an attorney and a corporation were not state actors when they obtained a court order allowing the attorney to enter the plaintiff's home to seal files); *Torres v. First State Bank of Sierra County,* 588 F.2d 1322, 1326–27 (10th Cir.1978) ("We do not think that the 'color of law' reference in § 1983 was intended to encompass a case such as this one, where the only infirmities are the excesses of the court itself, subject to immediate modification by a court having jurisdiction over the parties, and subject to the normal processes of appeal."); *see also Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir.1998) (concluding that an attorney was not a state actor); *Hoai v. Vo,* 935 F.2d 308, 313 (D.C.Cir.1991) (affirming dismissal of a § 1983 claim against a private party and a lawyer because "[i]t is well established that mere recourse to state or local court procedures does

not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983")). Because Hendrix's complaint does not allege facts sufficient to show that Garcia acted under the color of state law, his § 1983 claims are subject to dismissal.

### B. This Action is Frivolous.

A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). If there is an "arguable claim for relief, dismissal for frivolousness under § 1915 is improper." *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (emphasis omitted). The IFP statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 328.

The Central District of California dismissed Hendrix's complaint for multiple reasons, including that it was frivolous. (Ex C, at 1.) The court reaches the same conclusion here, but for additional reasons. Hendrix has been told repeatedly that he cannot proceed in federal court. First, when Hendrix removed the state-court action to the Northern District of Illinois, that court remanded the case and specifically told Hendrix that he could "pursue his objections to the state-court order in state court" but that the federal court would not "interfere with or enjoin ongoing state-court proceedings." (Ex B, at 1.) Yet Hendrix nevertheless proceeded to file two more largely identical federal civil suits against Garcia in the Central District of California. That court's dismissal order put Hendrix on notice that his claims lacked merit and that amendment would be futile because of "incurable defects." (*Id.* at 2.) Hendrix did not appeal or in any other way contest those findings. Instead, he refiled essentially the same case in the District of Kansas without making any further attempt to state a cognizable claim. This does not necessarily mean that

8

Hendrix's claims have *less* of an arguable basis in law or fact than the similar claims he asserted in the Central District of California. But it shows that Hendrix has repeatedly proceeded to re-assert the same claims he has already been told were meritless. For these reasons, the court finds this action is frivolous.

## III. CONCLUSION

For the reasons explained above, the court recommends that the district judge dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Hendrix's complaint fails to state a claim on which relief may be granted and/or pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the action is frivolous.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), Hendrix may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If he fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated February 2, 2022, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
