IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM HENDRIX,

           Plaintiff,

v.

LEONARDO GARCIA,

           Defendant.

Case No. 22-4006-DDC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on Magistrate Judge Angel D. Mitchell's Report and Recommendation (Doc. 6) about pro se[1] plaintiff Adam Hendrix's Complaint (Doc. 1), recommending that the district court dismiss this case. As Judge Mitchell's Report and Recommendation explains, plaintiff had the right to file an objection to the Report and Recommendation, under 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a), and D. Kan. Rule 72.1.4(b), within 14 days after service of the Report and Recommendation. *Id.* at 9. Invoking this right, plaintiff filed a timely Objection (Doc. 7).

The court overrules plaintiff's objection and adopts Judge Mitchell's Report and Recommendation. Consistent with the Magistrate Judge's recommendation, the court dismisses this case. The court explains its decision, below.

---

[1]     Plaintiff proceeds pro se. Because plaintiff proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Hall*, 935 F.2d at 1110.

Plaintiff proceeds in forma pauperis.  Doc. 5.  When a plaintiff proceeds in forma pauperis, the court may screen the complaint.  The court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  Judge Mitchell's Report and Recommendation reviewed the facts plaintiff alleges in his Complaint and concludes:  (1) plaintiff fails to state a claim and (2) plaintiff's action is frivolous.  *See generally* Doc. 6.  Plaintiff objects to Judge Mitchell's Report and Recommendation.  Doc. 7.  Under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Below, the court conducts a de novo review of each of Judge Mitchell's conclusions.[2]

## I. Whether Plaintiff's Complaint Fails to State a Claim

Judge Mitchell's Report and Recommendation concludes that plaintiff's Complaint, even when given the most liberal construction imaginable, fails to state a plausible claim for relief and recommends dismissal under § 1915(e)(2)(B)(ii).  Doc. 6 at 4–8.  The court applies "the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that [it] employ[s] for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

These standards require that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] The court incorporates Judge Mitchell's careful summary of the facts into this Memorandum & Order.  Doc. 6 at 1–3.  Plaintiff makes no objection to Judge Mitchell's background summary.  *See* Doc. 7.  The court need not repeat that background here.

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When considering whether a plaintiff has stated a claim, the court must assume that the complaint's factual allegations are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff alleges that defendant violated his constitutional rights. Doc. 1 at 4. But *how*—factually—defendant violated plaintiff's constitutional rights is far from clear. Plaintiff appears to allege that defendant "filed a fraudulent void restraining order" against him and violated plaintiff's First Amendment free speech rights and Fifth Amendment due process rights. *Id.* Judge Mitchell correctly construed these claims as 42 U.S.C. § 1983 claims.[3] Doc. 6 at 5.

A plaintiff bringing a § 1983 claim must satisfy two elements. First, § 1983 plaintiffs must "'show that they have been deprived of a right secured by the Constitution and the laws of the United States.'" *Johnson v. Rodrigues*, 293 F.3d 1196, 1201–02 (10th Cir. 2002) (further internal quotation marks omitted) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)). Second, § 1983 plaintiffs must "'show that the alleged deprivation was committed by a person acting under color of state law.'" *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009)

---

[3] In plaintiff's Objection, he alleges that, because Judge Mitchell construed his claims as § 1983 claims, he has stated a § 1983 claim. Doc. 7 at 1–2. This style of circular reasoning doesn't satisfy the motion to dismiss standard. Plaintiff's Complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). He hasn't.

(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Judge Mitchell concluded plaintiff had failed to state a claim under these governing standards because he hadn't pleaded facts capable of satisfying this second element—the state actor requirement.  Doc. 6 at 6.

Plaintiff alleges that defendant is a private individual.  The law considers a private individual a state actor if he "'acted together with or . . . obtained significant aid from state officials, or if [his] conduct is otherwise chargeable to the state.'"  *Johnson*, 293 F.3d at 1202 (quotation cleaned up) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).  Our Circuit has reviewed the various tests the Supreme Court has used to determine whether a private party is a state actor.  *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1995).  And our Circuit has identified four versions of those tests:  (1) the nexus test, (2) the symbiotic relationship test, (3) the joint action test, and (4) the public function test.  *Id.* at 1447–57.  Here, plaintiff's Objection invokes the "joint action" test.  Doc. 7 at 3.

Before the court applies this test to the Complaint at issue here, the court draws an important threshold conclusion:  Plaintiff's Complaint never alleges any joint action between defendant and a state actor.  The crux of the Complaint is plaintiff's allegation that defendant secured a restraining order against plaintiff from an Illinois state court.  *See* Doc. 1 at 3, 7.  Plaintiff didn't invoke the joint action test until he submitted his Objection to Judge Mitchell's Report and Recommendation.  *See* Doc. 7.  So, Judge Mitchell's Report and Recommendation didn't consider whether defendant participated in joint action with the state.  Instead, Judge Mitchell focused on other theories of state action.[4]  "[T]he ordinary attitude should be to refuse

---

[4]  Judge Mitchell liberally construed plaintiff's Complaint and searched for state action in several places.  She noted that plaintiff's Complaint alleges that a government contractor employs defendant but fails to provide any more facts about that relationship.  And, Judge Mitchell looked for state action in plaintiff's allegations about the state court proceedings and no-contact order.  Judge Mitchell concluded that none of these allegations are sufficient to support a plausible finding or inference that defendant acted under the color of state law.  The court agrees with Judge Mitchell's thorough analysis.  And plaintiff

to entertain objections based on legal arguments that were not presented to the magistrate judge." 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3070.2 (3d ed. 2022). But the court may "receive further evidence" if a party properly objects to a magistrate judge's order. So, construing plaintiff's Objection broadly, the court considers plaintiff's joint action allegation below. Fed. R. Civ. P. 72(b)(3).

Plaintiff alleges joint action between defendant and a state police officer. Plaintiff's Objection alleges that he "can prove" that defendant "performed 'joint activity' in accordance with the [M]undelein [P]olice [D]epartment." Doc. 7 at 3. He cites a police report, where a police officer from the Mundelein Police Department "strongly suggested" to defendant that he seek an order of protection against plaintiff. *Id.* (citing 7-1 at 1). Plaintiff argues this qualifies as joint action because the police officer "significantly encouraged" defendant to initiate an order of protection proceeding. *Id.*

Our Circuit "consistently [has] held that furnishing information to law enforcement officers, without more, does not constitute joint action under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1157 (10th Cir. 2016). Joint "action arises only when an officer's decision to initiate an arrest or a prosecution was not independent of a private party's influence." *Id.* (citing *Gallagher*, 49 F.3d at 1454).

Plaintiff alleges that defendant provided information to a police officer and that police officer recommended that defendant pursue a no contact order. The court must focus its attention on defendant's actions: talking to the police. Defendant "furnishing information to law enforcements officers, without more, does not constitute joint action under color of state law."

---

doesn't object to any aspect of it. *See* Doc. 7. So, the court need not review the analysis again. *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (concluding plaintiff's argument waived when he failed to raise that argument in his objection to magistrate judge's report).

*Id.* Plaintiff's allegations here don't provide the "more" required for joint action, either. He never alleges that defendant influenced any officer's arrest or prosecution decision. Indeed, plaintiff doesn't allege that any arrest or prosecution ever occurred.

Thus, plaintiff hasn't shown any reason for the court to depart from Judge Mitchell's determination. Even assuming that plaintiff can adopt a theory in his Objection and the allegations in his Complaint are true, plaintiff has failed to state a § 1983 claim.

## II. Whether Plaintiff's Complaint is Frivolous

The Report and Recommendation also recommends dismissal under § 1915(e)(2)(B)(i) because Judge Mitchell concluded that this case is frivolous. Doc. 6 at 8–9. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Complaints are frivolous when they include "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." *Id.*

Normally, the court confines its dismissal analysis to the operative complaint. But § 1915 is an unusual statute. It "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits[.]" *Neitke*, 490 U.S. at 327. So, § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Judge Mitchell invoked the authority conferred by § 1915. She examined the facts surrounding this case and noted that plaintiff "has been told repeatedly that he cannot proceed in federal court." Doc. 6 at 8. For example, plaintiff earlier removed the Illinois state court proceedings surrounding the no contact order to federal court in the Northern District of Illinois. *See* Doc. 6-1. The Northern District of Illinois remanded the case for lack of subject matter

jurisdiction, citing ongoing state court proceedings. Doc. 6-2. Later, plaintiff filed two lawsuits against defendant in the Central District of California. Doc. 6-3; Doc. 6-4. Judge Mitchell observed that one of those lawsuits was dismissed because the Complaint "suffer[ed] from multiple incurable defects." Doc. 6-6 at 2. Plaintiff never appealed or contested these findings. Instead, as Judge Mitchell explained, "plaintiff refiled essentially the same case in the District of Kansas without making any further attempt to state a cognizable claim." Doc. 6 at 8.

In his Objection, plaintiff argues that this case isn't frivolous. He argues that the Northern District of Illinois improperly remanded his case. Doc. 7 at 4. And he argues that the Central District of California improperly dismissed the case. *Id.* at 5. He alleges that these courts thus violated his due process rights, so this action isn't frivolous. *Id.* at 4–5.

The court agrees with Judge Mitchell's conclusions. Plaintiff's prior actions show that plaintiff "has repeatedly proceeded to re-assert the same claims he has already been told were meritless." *Id.* at 9. Rather than appeal or contest the conclusions of the courts in Illinois and California, plaintiff started over by filing essentially the same complaint in this judicial district. Indeed, plaintiff's Complaint in the Central District of California case alleges facts that are quite similar to the facts alleged here. *Compare* Doc. 1 *with* Doc. 6-4. Plaintiff can't secure second, third, and fourth bites at the apple simply by relocating deficient allegations to a different federal court. Thus, the court concludes that this action is frivolous.

**III.   Conclusion**

As explained above, the court adopts Judge Mitchell's Report and Recommendation (Doc. 6) and dismisses this case under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Complaint (Doc. 1) is dismissed without prejudice.

7

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Objection (Doc. 7) is overruled.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** the Report and Recommendation issued by United States Magistrate Judge Angel D. Mitchell on February 2, 2022 (Doc. 6) is **ACCEPTED, ADOPTED, and AFFIRMED**.  The court dismisses this action without prejudice.

**IT IS SO ORDERED.**

Dated this 28th day of April, 2022, at Kansas City, Kansas.

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**